Gaston, Judge.
 

 Upon the questions which have arisen between the plaintiff and the defendants, Joseph B. Hinton and wife, the Court is of opinion with the plaintiff.
 

 The testatrix directed by her will certain slaves to be sold;' the money arising from the sale to be vested in bank stock; and the interest of that stock to be paid two thirds to her sis
 
 *18
 
 ter, Mrs. Hinton, and one third to her brother, Thomas B. Dashiel, during their lives, with certain limitations over after their death.' The executor has sold these slaves, allow-011 some ^em a c-redit of twelve months, taking bonds from the purchasers drawing interest from the day of sale.. — . And upon these facts, it is contended by the defendants, Hinton and wife, that only the principal money secured by the bonds is to be invested in stock; and that the interest which accrues on the day of payment, is divisible as that of the Bank stock would have been, had the price of the slaves been instantly, on the sale, paid in cash and converted into stock. The will is silent as to the terms and conditions of sale; but we hold that the testatrix did intend a sale upon credit. This is the universal usage of the State; and where the will intimates nothing variant from this usage, it is1 fair to suppose that the will was made with an implied reference to it. This custom is either founded upon; ox has caused the enactment of the statute, which makes it imperative on executors or administrators who sell to pay debts, or to-make division of the persoual estate of their testators or intestates, to give
 
 not less
 
 than six month’s credit for enhancing the price of the property. See act of 1794,1 Rev. Stat. ch.46. sec. 11. A credit of twelve months on the sale of slaves is usual, and it cannot be deemed unreasonable where the testatrix has forbidden that they be sold to speculators, or to others than those who might bu y for their own use. Such purchasers have usually to look to" their annual crops for the means of meeting their engagements.
 
 Believing
 
 that the testatrix contemplated a sale upon credit, and entertaining the opinion that the credit allowed was not unreasonable, we hold that the amount which the purchasers are to pay upon . the expiration of the term of credit, in whatever form such payment may be reserved or secured, is in the language of the will,
 
 “
 
 the money arising from the sale.”
 

 On the second question raised between these parties, we are at a loss to see upon what ground a larger
 
 estate
 
 in the negro girl Happy is claimed by Mr. and Mrs Hinton, than for the life of the latter. The case of
 
 James’s executors v.
 
 Masters, 3 Mur. 110, where this Court held tb it the legatee
 
 *19
 
 took but an estate for life, was one far more favorable to claim of the absolute property than that arising upon the bequestnowunder consideration. The
 
 poxoer
 
 which the testatrix has conferred on Mrs. Hinton, directing the girl to be sold or set free at her death, in no way enlarges
 
 her estate.
 

 Upon the other question whereon advice is prayed, the Court is of opinion that inasmuch as it is admitted upon the pleadings, that the testatrix did not have the direction or controul of the education or tuition of Grayson Dashiell from a time anterior to the making of the will of the testatrix until her death, the contingency mentioned in the codicil thereof, upon the happening of which the interest in the bank stock bequeathed in the body of the will to said Gray-son, became, according to the terms of the codicil, divisible
 
 between the
 
 said Grayson and Sarah- Ellen and Elizabeth Mary Dashiell, has occurred. The dissatisfaction which the testatrix declares in the codicil, with the manner in which his education and tuition were
 
 then
 
 conducted, furnishes a clear exposition of the sense in which she uses the phrase
 
 “
 
 in case the education and tuition is withheld from me.” She intends that the conditional and prospective disposition made in
 
 the
 
 codicil, shall depend upon the
 
 fact,
 
 whether the training of this youth shall continue as it then was, with those in whom she had not confidence, or be brought under her guidance and direction. In -the sense of the testatrix, it was
 
 withheld
 
 from her, because she had it not.
 

 The plaintiff is to pay the costs of the suit out of the fund.
 

 Per Curiam. Decree accordingly.